OPINION
{¶ 1} Defendant-appellant Kristopher P. Ascione appeals his conviction under R.C. 2950.05 (Notice of Change of Address; Registration of New Address) entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted on September 20, 2002, on one count of Notice of Change of Address, in violation of R.C. 2950.05(A), (E)(1), a felony of the fifth degree. The matter was tried to the bench and resulted in a finding of guilty on October 30, 2002. Appellant was sentenced December 9, 2002, to three years of community control.
 {¶ 3} The case was decided upon a stipulation of facts. Those stipulated facts follow.
 {¶ 4} On December 28, 1994, appellant was convicted of one count of sexual battery, a violation of R.C. 2907.03(A), in the Cuyahoga County Court of Common Pleas. As a result of this conviction, appellant became a "sexually oriented offender" subject to the registration requirements of R.C. 2950.05.
 {¶ 5} Upon moving to Stark County in December, 2001, appellant registered his address as being 11424 Aebi Avenue, NE, Alliance, Ohio, with the Stark County Sheriff. The Aebi Avenue address was the home of appellant's wife's parents. In April, 2002, in compliance with the periodic verification statute (R.C. 2950.06), appellant verified the Aebi Avenue address as his residence to the sheriff.
 {¶ 6} On June 22, 2002, appellant was told to leave the Aebi Avenue residence by his in-laws. Appellant left the residence that same day and stayed with friends for the next two months, moving from friend to friend. Appellant did not notify the Stark County Sheriff he no longer lived at the Aebi Avenue address until sometime in August, 2002. However, appellant's wife notified the sheriff's office appellant had moved out of the residence two days after appellant had moved.
 {¶ 7} Several days after receiving notice of appellant's move from appellant's wife, the sheriff's department sent a certified letter to the Aebi Avenue address to notify appellant of his obligation to register his new address. The letter was returned unclaimed.
 {¶ 8} Sometime in August, 2002, appellant contacted the sheriff's office to give notice he had moved and to make an appointment to register his new address. However, appellant failed to keep the appointment due to an apparent conflict with work. Several days later appellant again contacted the sheriff's office and was advised a warrant had been issued for his arrest. Appellant turned himself in later that same day at the sheriff's department.
 {¶ 9} The trial court found appellant guilty, despite also finding appellant was excused from strict compliance with the twenty day advance notice requirement.[1] The trial court based its guilty verdict on the fact appellant did not notify the sheriff's office about his change in circumstances until August, 2002.[2] The trial court sentenced appellant via Judgment Entry filed November 5, 2002.
 {¶ 10} If is from the October 30, 2002 Judgment Entry of Conviction appellant prosecutes this appeal, assigning as error:
 {¶ 11} "I. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY WHEN IT WAS IMPOSSIBLE FOR HIM TO COMPLY WITH THE REQUIREMENTS OF R.C. 2950.05."
 I. {¶ 12} R.C. 2950.05(A), (E)(1) provides:
 {¶ 13} "(A) If an offender or delinquent child is required to register pursuant to section 2950.04 of the Revised Code, the offender or delinquent child, at least twenty days prior to changing the offender's or delinquent child's residence address during the period which the offender or delinquent child is required to register, shall provide written notice of the residence address change to the sheriff with whom the offender or delinquent child most recently registered under section2950.04 of the Revised Code or under division (B) of this section.
 {¶ 14} "(E)(1) No person who is required to notify a sheriff of a change of address pursuant to division (A) of this Section shall fail to notify the appropriate sheriff in accordance with that division."
 {¶ 15} Also pertinent to our analysis is R.C. 2901.04(A) (Rules of Construction) which provides:
 {¶ 16} "(A) Except as otherwise provided in division (C) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 17} Appellant argues he was convicted of violating a statute with which it was impossible for him to comply. Because he was suddenly kicked out of his in-laws' residence on June 22, 2002, it was impossible for him to provide twenty day notice prior to changing his address. The trial court agreed when it found appellant was excused from giving advance notice under these circumstances. We also agree. Accordingly, we conclude appellant cannot be found in violation of R.C. 2950.05(A) under the facts of this case.
 {¶ 18} The issue remains whether appellant violated R.C.2950.05(E)(1) by failing to notify the sheriff's department of his change of address until August, 2002, despite having left the Aebi Avenue address on June 22, 2002.
 {¶ 19} In its judgment entry of conviction, the trial court relied, in part, on this Court's Opinion in State v. Parrish (Dec. 18, 2000), Licking App. No. 00CA0070, unreported. The trial court quoted that portion of Parrish wherein this Court stated the purpose of the statute is to "* * * permit the sheriff to locate and keep track of sexually oriented offenders and to allow a homeless defense to the registration provision would frustrate the legislative purpose." Id. at *1. While this panel agrees with our colleagues to reverse appellant's conviction under the facts of this case may well frustrate the legislative purpose, it is a decision we are, nonetheless, compelled to reach. Our reasons follow.
 {¶ 20} When strictly construing R.C. 2950.05(E)(1) against the State as required by R.C. 2901.04, we find it requires a person who is required to notify a sheriff of a change of address pursuant to division (A) [appellant], to notify the appropriate sheriff of a change of address "in accordance with that division [(A)]." Having concluded it was impossible for appellant to comply with (A), a fortiori, it was impossible to notify the sheriff in accordance with division (A).
 {¶ 21} Appellee responds appellant not only failed to comply with the letter of the law, but he also failed to comply with its spirit. (Appellee's Brief at 9). While we agree appellant violated the "spirit" of the law, such violation is insufficient to support his conviction. Having found it was impossible for appellant to have complied with the letter of the law required by division (A), under the facts of this case, we find appellant's conviction must be reversed.
 {¶ 22} We urge the legislature to address the loophole created by this statute by specifically requiring the registrant to provide notice of change of address within a prescribed amount of time after the change occurs when compliance with division (A) is impossible.
 {¶ 23} Appellant's sole assignment of error is sustained.
 {¶ 24} The judgment of the Stark County Court of Common Pleas is reversed.
By: Hoffman, J., Farmer, P.J., and Wise, J. concur.
[1] See Judgment Entry of Conviction filed October 30, 2002, at 3.
[2] Id. at 3.